GEORGE A. LONG
*vs.*
GRAY TELEPHONE PAY STATION CO.

Superior Court      Hartford County      File No. 58355

MEMORANDUM FILED APRIL 23, 1940.

*Hugh M. Alcorn,* of Hartford, for the Plaintiff.

*Day, Berry & Howard,* of Hartford, for the Defendant.

O'SULLIVAN, J. In preparation for the trial of the captioned case, counsel for the plaintiff recently caused to be served upon an official of the defendant a *subpoena duces tecum.* The subpoena classified in ten paragraphs various books and papers which were to be brought into court. The ninth classification demanded the production of "all correspondence, contracts or any other papers relating to any dealings by or between either of the companies named in paragraph 1 [of the subpoena] and the Western Electric Company, the Electric Steam Sterilizing Company and the Anesmostat Company, including the record of all financial dealings with either of said companies."

Such a sweeping order to produce as that embodied in paragraph nine of the subpoena goes far beyond the bounds of legal propriety and warrants some action on the part of this court to protect the rights of a litigant.

"It is well established in this state that this process of *sub-*

*poena* is at the service of either party to an action to procure from his adversary the production in court of documents in the latter's possession which are claimed to be relevant upon the trial." *Hurley vs. Connecticut Co.* 118 Conn. 276, 284. But the process may not be used to engage in a fishing expedition. To comply with the demand to produce would involve moving a ton and a half of all sorts of papers to the court house. These records are now packed in 50 boxes, each weighing about 60 pounds.

The plaintiff undoubtedly has the right to request for inspection any specific papers which are material to the issues, but he cannot pursue the dragnet method he has employed in the instant case. Innumerable authorities support this position. *Hale vs. Henkel,* 201 U.S. 43, 76; *Bank of America, etc. vs. Douglas,* 105 F. (2d) 100; and long list of cases cited in the annotation in 58 A.L.R. 1263.

The defendant may, therefore, ignore the demand to produce in so far as paragraph nine of the *subpoena duces tecum* is concerned. This will not, of course, preclude the plaintiff from issuing another subpoena directed to the production of specific papers from the records referred to in paragraph nine.